James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| HAROLD THOMPSON, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| v. | ) | |
| | ) | |
| TEC DISTRIBUTING OF IDAHO, LLC, | ) | |
| dba GOLDEN EAGLE SALES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Harold Thompson, for cause of action against defendant TEC Distributing of Idaho, LLC dba Golden Eagle Sales, states and alleges as follows:

1. This court has jurisdiction pursuant to 29 USC § 216(b) of the Fair Labor Standards Act of 1938.

2. Plaintiff Harold Thompson is a resident of Bonneville County, Idaho.

3. Defendant TEC Distributing of Idaho, LLC dba Golden Eagles Sales, is an Idaho limited liability company in good standing with its principal place of business in Bonneville County, Idaho.

4. Defendant TEC Distributing of Idaho, LLC is an employer within the meaning of 29 USC § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 203(s)(1), Fair Labor Standards Act of 1938.

5. In July 2007 defendant TEC Distributing of Idaho, LLC employed plaintiff as a warehouseman/forklift operator. At all times relevant hereto defendant was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § § 206 and 207, Fair Labor Standards Act of 1938.

6. At no time during the course of his employment was plaintiff an "exempt employee" within the meaning of 29 USC § 213, Fair Labor Standards Act of 1938.

7. During the course of plaintiff's employment, defendant TEC Distributing of Idaho, LLC paid plaintiff a salary which constituted plaintiff's regular rate of pay within the meaning of 29 USC § 207(e), Fair Labor Standards Act of 1938. As of April 3, 2008, the date upon which defendant TEC Distributing of Idaho, LLC terminated plaintiff from employment, plaintiff's annual salary was $2,600 per month.

8. During the course of plaintiff's employment with defendant, defendant regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and

consistently work in excess of 40 hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 USC § 207(a)(1) Fair Labor Standards Act of 1938.

9. Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 USC § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 USC § 216(b), plaintiff is entitled to recover from Defendant the amount of the unpaid overtime compensation and an equal additional amount as liquidated damages.

10. Pursuant to 29 USC § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

WHEREFORE, plaintiff prays the judgment, order and decree of this court as follows:

1. For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 USC § 216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 USC § 216(b);

3. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 USC § 216(b); and

4. For such other and further relief as the court deems just and proper.

DATED this 30 day of April, 2008.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
James D. Holman, Esq.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 30 day of April, 2008.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: *[signature]*
James D. Holman, Esq.